## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| ABBOTT LABORATORIES,<br><br>                              Plaintiff,<br><br>                    v.<br><br>REVITALYTE LLC,<br><br>                              Defendant. | Civil Action No. 0:23-cv-01449<br>(WMW/DTS) |

## DEFENDANT REVITALYTE LLC'S ANSWER AND
## AFFIRMATIVE DEFENSES

Defendant Revitalyte LLC ("Revitalyte") answers Plaintiff Abbott Laboratories' ("Abbott") Complaint (Dkt. No. 1) as follows:

## NATURE OF ACTION

1.    Revitalyte admits the Complaint purports to assert claims for unfair competition, trade dress infringement, trademark infringement, and dilution by tarnishment under federal law and deceptive trade practices under Minnesota law, but denies that it has engaged in unlawful conduct and denies that Abbott is entitled to any relief.  Revitalyte denies the remaining allegations in Paragraph 1 of the Complaint.

2.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4.    Revitalyte admits that it is a Minnesota company who sells an oral electrolyte solution (OES). Revitalyte denies the remaining allegations in Paragraph 4 of the Complaint.

5.    Revitalyte denies the allegations in Paragraph 5 of the Complaint.

6.    Revitalyte denies the allegations in Paragraph 6 of the Complaint.

7.    Revitalyte denies the allegations in Paragraph 7 of the Complaint.

8.    Revitalyte admits that Vitalyte alleged that Revitalyte's use of its REVITALYTE mark infringed Vitalyte's trademark, that Revitalyte moved for summary judgment, that Vitalyte filed a copy of Revitalyte's 2021 Promotional Guide in opposition to Revitalyte's motion for summary judgment, that the court denied that motion, and that Revitalyte and Vitalyte entered into a settlement agreement. Revitalyte denies the remaining allegations in Paragraph 8 of the Complaint.

9.    Revitalyte denies the allegations in Paragraph 9 of the Complaint.

10.    Revitalyte denies the allegations in Paragraph 10 of the Complaint.

11.    Revitalyte denies the allegations in Paragraph 11 of the Complaint.

12.    Revitalyte denies the allegations in Paragraph 12 of the Complaint.

13.    Revitalyte denies the allegations that "it wishes to promote a competitive OES product by encouraging binge drinking among young adults," that "[b]y associating the Pedialyte brand and dress with that marketing strategy, it has tarnished and diluted Abbott's trademark," and that it "diminishes [Abbott's] goodwill by linking the Pedialyte name and dress to its reckless and ill-advised encouragement of excessive drinking."

Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Complaint.

14.    Revitalyte denies the allegations in Paragraph 14 of the Complaint.

15.    Revitalyte denies the allegations in Paragraph 15 of the Complaint.

16.    Revitalyte denies the allegations in Paragraph 16 of the Complaint.

17.    Revitalyte denies the allegations in Paragraph 17 of the Complaint.

## PARTIES

18.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19.    Revitalyte admits that it is in the business of selling and promoting an OES under the brand name Revitalyte, that those products are available for sale throughout the District, the State of Minnesota, and the United States, and that its principal place of business is in St. Louis Park, Minnesota. Revitalyte denies the remaining allegations in Paragraph 19 of the Complaint.

20.    Revitalyte admits that this Court has subject matter jurisdiction over Abbott's claims under 15 U.S.C. §§ 1114 and 1125 alleged in the Complaint. Revitalyte denies the remaining allegations in Paragraph 20 of the Complaint.

21.    Revitalyte admits that this Court has subject matter jurisdiction over Abbott's claim under Minnesota Statute § 325D.44 alleged in the Complaint. Revitalyte denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Revitalyte admits that venue is proper in this district for the claims alleged in the Complaint. Revitalyte denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Revitalyte admits that this Court has general personal jurisdiction over Revitalyte because it is organized under the laws of Minnesota and its principal place of business is in Minnesota. Revitalyte denies the remaining allegations in Paragraph 23 of the Complaint.

## FACTS[1]

24.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

---

[1] Revitalyte has omitted the subheadings from this portion of Abbott's complaint. To the extent the court construes them as allegations requiring a response under Fed. R. Civ. P. 8(b), Revitalyte denies them.

4

29.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint.

56.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

63.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

65.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint.

66.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint.

67.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint.

68.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint.

69.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint.

70.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint.

71.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint.

76.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint.

77.     Revitalyte denies the allegations in Paragraph 77 of the Complaint.

78.     Revitalyte admits that it has one brand (REVITALYTE) and that it uses that brand in connection with the sale and advertising of its OES. Revitalyte denies the remaining allegations in Paragraph 78 of the Complaint.

79.     Revitalyte denies the allegations in Paragraph 79 of the Complaint.

80.     Revitalyte denies the allegations in Paragraph 80 of the Complaint.

81.     Revitalyte denies the allegations in Paragraph 81 of the Complaint.

82.     Revitalyte denies the allegations in Paragraph 82 of the Complaint.

83.     Revitalyte admits that the author of the Forbes article referenced in Paragraph 83 wrote that Revitalyte "developed Revitalyte with the intent of emulating the look, feel, and formulation of Pedialyte." Revitalyte denies the remaining allegations in Paragraph 83 of the Complaint.

84.     Revitalyte denies the allegations in Paragraph 84 of the Complaint.

85.     Revitalyte admits the allegations in Paragraph 85 of the Complaint.

86.    Revitalyte denies the allegations in Paragraph 86 of the Complaint.

87.    Revitalyte admits that its OES product's original three flavors were Mixed Fruit, Strawberry, and Grape, but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 87 of the Complaint.

88.    Revitalyte admits that the document titled "Revitalyte Promotional Guide 2021" states in one bullet point on one slide in the eleven-side document the following text under one subheading with the text "What is Revitalyte?": "Identical formula to Pedialyte, but with a less medicinal taste and texture." Revitalyte denies the remaining allegations in Paragraph 88 of the Complaint.

89.    Revitalyte admits that its OES products have been sold to consumers all over the country from its website and brick-and-mortar stores. Revitalyte denies the remaining allegations in Paragraph 89 of the Complaint.

90.    Revitalyte admits that, in 2021, it partnered with Barstool Sports, a digital media company, that it launched its fourth flavor, Berry Frost, and that the linked press release from Barstool Sports describes it as "an advanced version of Revitalyte's original SKU in new Berry Frost flavor, featuring 33% more electrolytes, 10 few grams of sugar per serving, and beneficial prebiotics to promote fast and effective rehydration." Revitalyte denies the remaining allegations in Paragraph 90 of the Complaint.

91.    Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

92.    Revitalyte denies the allegations in Paragraph 92 of the Complaint.

93.    Revitalyte denies the allegations in Paragraph 93 of the Complaint.

94.    Revitalyte admits the allegations in Paragraph 94 of the Complaint.

95.    Revitalyte denies the allegations in Paragraph 95 of the Complaint.

96.    Revitalyte denies the allegations in Paragraph 96 of the Complaint.

97.    Revitalyte admits that Mr. Leonard stated the quoted language on an episode of the "Folly Coffee" podcast. Revitalyte denies the remaining allegations in Paragraph 97 of the Complaint.

98.    Revitalyte denies the allegations in Paragraph 98 of the Complaint.

99.    Revitalyte denies the allegations in Paragraph 99 of the Complaint.

100.    Revitalyte denies the allegations in Paragraph 100 of the Complaint.

101.    Revitalyte denies the allegations in Paragraph 101 of the Complaint.

102.    Revitalyte denies the allegations in Paragraph 102 of the Complaint.

103.    Revitalyte denies the allegations in Paragraph 103 of the Complaint.

104.    Revitalyte denies the allegations in Paragraph 104 of the Complaint.

105.    Revitalyte admits that the image shown in Paragraph 105 comes from one portion of one slide that appears in an eleven-slide deck titled "Revitalyte 2021 Promotional Guide." Revitalyte denies the remaining allegations in Paragraph 105 of the Complaint.

106.    Revitalyte admits the allegations in Paragraph 106 of the Complaint.

107.    Revitalyte denies the allegations in Paragraph 107 of the Complaint.

108.    Revitalyte denies the allegations in Paragraph 108 of the Complaint.

109.    Revitalyte denies the allegations in Paragraph 109 of the Complaint.

110.    Revitalyte denies the allegations in Paragraph 110 of the Complaint.

111.    Revitalyte denies the allegations in Paragraph 111 of the Complaint.

112.    Revitalyte denies the allegations in Paragraph 112 of the Complaint.

113.    Revitalyte denies the allegations in Paragraph 113 of the Complaint.

114.    Revitalyte denies the allegations in Paragraph 114 of the Complaint.

115.    Revitalyte denies the allegations in Paragraph 115 of the Complaint.

116.    Revitalyte admits that the Indiana Alcohol and Tobacco Commission (IATC) issued an advisory opinion in response to Revitalyte's request "seeking a determination that Revitalyte be treated as a permissible commodity under Ind. Code § 7.1-3-10-5 for sale at package liquor stores as a bar supply used in the preparation for consumption of alcoholic beverages." IATC, Advisory Opinion 22-01: Revitalyte, at 2, *available at* https://www.in.gov/atc/files/Advisory-Opinion_22-01.pdf. In that Advisory Opinion, the IATC stated that Revitalyte's OES "is  specifically marketed as an 'adult' version of the rehydration product Pedialyte, commonly stocked in a store's infant aisle." *Id.* at 3. Revitalyte denies the remaining allegations in Paragraph 116 of the Complaint.

117.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 117 of the Complaint that "[s]hortly after Revitalyte partnered with Barstool to expand its marketing, Abbott learned that the company had secured distribution of its OES at convenience store chains, displacing Pedialyte in at least one chain." Revitalyte denies the remaining allegations in Paragraph 117 of the Complaint.

118.    Revitalyte admits that the *Vitalyte* litigation included unproven claims that Revitalyte allegedly infringed Vitalyte's alleged trademark, that Revitalyte moved for summary judgment on those claims, that the court heard argument on January 18, 2023,

and that the Leonard declaration, the August 2021 "Revitalyte Update" and the 2021 "Promotional Guide," were filed on the docket in that case. Revitalyte denies the remaining allegations in Paragraph 118 of the Complaint.

119.    Revitalyte denies the allegations in Paragraph 119 of the Complaint.

120.    Revitalyte denies the allegations in Paragraph 120 of the Complaint.

121.    Revitalyte denies the allegations in Paragraph 121 of the Complaint.

122.    Revitalyte admits that its Twitter account retweeted tweets from Twitter accounts with the display names "Lamar Jackson Official Fan Page," "banana," "Ellie Black," "Alex Bean," and "me" shown in Paragraph 121 of the Complaint and referred to in Paragraph 122 of the Complaint. Revitalyte denies the remaining allegations in Paragraph 122 of the Complaint.

123.    Revitalyte admits that its Twitter account retweeted the tweet from the Twitter account with the display name "Mike Killmon" shown in Paragraph 123 of the Complaint. Revitalyte denies the remaining allegations in Paragraph 123 of the Complaint.

124.    Revitalyte denies the allegations in Paragraph 124 of the Complaint.

125.    Revitalyte admits that the cap wrap of its OES one-liter product has displayed the words "Compare to Pedialyte." Revitalyte denies the remaining allegations in Paragraph 125 of the Complaint.

126.    Revitalyte admits that "compare to" language similar to the language it has used has appeared on other products and that its product is not a "private label" or "store brand" product. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126 of the Complaint.

127.    Revitalyte lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 127 of the Complaint.

128.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 of the Complaint.

129.    Revitalyte denies the allegations in Paragraph 129 of the Complaint.

130.    Revitalyte denies the allegations in Paragraph 130 of the Complaint.

131.    Revitalyte admits the allegations in Paragraph 131 of the Complaint.

132.    Revitalyte denies the allegations in Paragraph 132 of the Complaint.

133.    Revitalyte denies the allegations in Paragraph 133 of the Complaint.

134.    Revitalyte denies the allegations in Paragraph 134 of the Complaint.

135.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 of the Complaint.

136.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 of the Complaint.

137.    Revitalyte denies the allegations in Paragraph 137 of the Complaint.

138.    Revitalyte denies the allegations in Paragraph 138 of the Complaint.

139.    Revitalyte admits that an Instagram account with the name "william_healy" once posted a comment stating "I mean bruh it's literally the same bottle" in response to a post on Revitalyte's Instagram account and that an Instagram account with the name "notmikedurkin" once posted a comment stating "Is that pedialyte?" in response to a post on Revitalyte's Instagram account. Revitalyte denies the remaining allegations in Paragraph 139 of the Complaint.

140.    Revitalyte denies the allegations in Paragraph 140 of the Complaint.

141.    Revitalyte admits that its Revitalyte brand is an entirely different and unrelated brand to Abbott's claimed Pedialyte brand. Revitalyte denies the remaining allegations in Paragraph 141 of the Complaint.

142.    Revitalyte admits that its Instagram account once replied with "just raising the Stakes…" to a comment from user "stakepoint." Revitalyte denies the remaining allegations in Paragraph 142 of the Complaint.

143.    Revitalyte admits that its Instagram account once replied with "did you make a deal to white label Count Chocula's facial hair?" to a comment from user "brendanchatt." Revitalyte denies the remaining allegations in Paragraph 143 of the Complaint.

144.    Revitalyte denies the allegations in Paragraph 144 of the Complaint.

145.    Revitalyte denies the allegations in Paragraph 145 of the Complaint.

146.    Revitalyte denies the allegations in Paragraph 146 of the Complaint.

147.    Revitalyte denies the allegations in Paragraph 147 of the Complaint.

148.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 of the Complaint.

149.    Revitalyte admits it promotes its OES for relief of hangover symptoms. Revitalyte denies the remaining allegations in Paragraph 149 of the Complaint.

150.    Revitalyte admits that the post shown in Paragraph 150 of the Complaint appeared on its Instagram account. Revitalyte denies the remaining allegations in Paragraph 150 of the Complaint.

151.    Revitalyte admits that the post shown in Paragraph 151 of the Complaint appeared on its Instagram account. Revitalyte denies the remaining allegations in Paragraph 151 of the Complaint.

152.    Revitalyte denies the allegations in Paragraph 152 of the Complaint.

153.    Revitalyte admits that its 2021 Promotional Guide identifies "College Partiers" among its target demographics. Revitalyte denies the remaining allegations in Paragraph 153 of the Complaint.

154.    Revitalyte admits that "Rehydrate. Recover. Repeat" appear on its Twitter account. Revitalyte denies the remaining allegations in Paragraph 154 of the Complaint.

155.    Revitalyte denies the allegations in Paragraph 155. The State of Indiana Alcohol and Tobacco Commission (IATC) issued an advisory opinion in response to Revitalyte's request "seeking a determination that Revitalyte be treated as a permissible commodity under Ind. Code § 7.1-3-10-5 for sale at package liquor stores as a bar supply used in the preparation for consumption of alcoholic beverages." Advisory Opinion 22-01: Revitalyte, at 2, *available at* https://www.in.gov/atc/files/Advisory-Opinion_22-01.pdf. The IATC opined that "Revitalyte does not fall under Ind. § 7.1-3-10-5(4), or any other category of that statute and therefore may not be sold at package liquor stores in Indiana." *Id.*

156.    Revitalyte admits that, in the article cited in footnote 31 of the Complaint, Forbes described Barstool as being "known for its sophomoric brand of humor and fetishization of drinking culture" and Revitalyte's co-founder, Mr. Ryan Leonard, is quoted as saying that Revitalyte's relationship with Barstool allows Revitalyte to "communicate

16

directly to young professionals." Revitalyte denies that its 2021 partnership with Barstool is another example of its focus on marketing its products in connection with excessive drinking. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 156 of the Complaint.

157.    Revitalyte admits that it retweeted Barstool's April 27, 2021 tweet shown in Paragraph 157 of the Complaint, which shows an image of a bottle of Revitalyte's OES. Revitalyte denies that its mantra is "Beers. Rehydrate. Repeat" and denies that the text in the April 27, 2021 tweet implies that the consumption of Revitalyte's OES recharges the drinker to repeat a night of excessive drinking. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 157 of the Complaint.

158.    Revitalyte admits that its OES product appears in the July 7, 2022 tweet by Barstool shown in Paragraph 158 of the Complaint. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 158 of the Complaint.

159.    Revitalyte admits that the two posts shown in Paragraph 159 of the Complaint have appeared on its Instagram account. Revitalyte denies the remaining allegations in Paragraph 159 of the Complaint.

160.    Revitalyte admits that Abbott is not a regulator. Revitalyte denies that its marketing tactics are irresponsible and in poor taste and denies that it has promoted a competitive OES product by encouraging 19-year-olds to consume 15 drinks in a single

evening. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 160 of the Complaint.

161.    Revitalyte denies the allegations in Paragraph 161 of the Complaint.

162.    Revitalyte denies the allegations in Paragraph 162 of the Complaint.

163.    Revitalyte denies the allegations in Paragraph 163 of the Complaint.

164.    Revitalyte denies the allegations in Paragraph 164 of the Complaint.

## COUNT I
## FEDERAL TRADE DRESS INFRINGEMENT (LANHAM ACT)

165.    In response to Paragraph 165 of the Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

166.    Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint.

167.    Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint.

168.    Revitalyte denies the allegations in Paragraph 168 of the Complaint.

169.    Revitalyte denies the allegations in Paragraph 169 of the Complaint.

170.    Revitalyte denies the allegations in Paragraph 170 of the Complaint.

171.    Revitalyte denies the allegations in Paragraph 171 of the Complaint.

172.    Revitalyte denies the allegations in Paragraph 172 of the Complaint.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT)

173.    In response to Paragraph 173 of the Complaint, Revitalyte incorporates its responses to the prior paragraphs of Complaint as if fully set forth herein.

174.    Revitalyte denies the allegations in Paragraph 174 of the Complaint.

175.    Revitalyte denies the allegations in Paragraph 175 of the Complaint.

176.    Revitalyte denies the allegations in Paragraph 176 of the Complaint.

177.    Revitalyte denies the allegations in Paragraph 177 of the Complaint.

## COUNT III
### FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING (LANHAM ACT)

178.    In response to Paragraph 178 of the Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

179.    Revitalyte denies the allegations in Paragraph 179 of the Complaint.

180.    Revitalyte denies the allegations in Paragraph 180 of the Complaint.

181.    Revitalyte denies the allegations in Paragraph 181 of the Complaint.

182.    Revitalyte denies the allegations in Paragraph 182 of the Complaint.

183.    Revitalyte denies the allegations in Paragraph 183 of the Complaint.

184.    Revitalyte denies the allegations in Paragraph 184 of the Complaint.

## COUNT IV
### FEDERAL TRADEMARK AND TRADE DRESS DILUTION BY TARNISHMENT (LANHAM ACT)

185.    In response to Paragraph 185 of the Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

186.    Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint.

187.    Revitalyte denies the allegations in Paragraph 187 of the Complaint.

188.    Revitalyte denies the allegations in Paragraph 188 of the Complaint.

189.    Revitalyte denies the allegations in Paragraph 189 of the Complaint.

190.    Revitalyte denies the allegations in Paragraph 190 of the Complaint.

## COUNT V
## VIOLATIONS OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

191.    In response to Paragraph 191 of the Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Complaint as if set forth fully herein.

192.    Revitalyte admits it has engaged in the transaction of business in Minnesota and is subject to the Court's jurisdiction, but denies the remaining allegations in Paragraph 192 of the Complaint.

193.    Revitalyte denies the allegations in Paragraph 193 of the Complaint.

194.    Revitalyte denies the allegations in Paragraph 194 of the Complaint.

195.    Revitalyte denies the allegations in Paragraph 195 of the Complaint.

196.    Revitalyte denies the allegations in Paragraph 196 of the Complaint.

197.    Revitalyte denies the allegations in Paragraph 197 of the Complaint.

198.    Revitalyte denies the allegations in Paragraph 198 of the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Revitalyte raises the following affirmative and additional defenses to the claims asserted in the Complaint:

1.    Abbott's claims are barred in whole or in part because it fails to state a claim upon which relief may be granted.

2. Abbott's claims are barred in whole or in part to the extent they are based on Abbott's claimed trade dress because Abbott's claimed trade dress is functional and thus unprotectable and unenforceable.

3. Abbott's claims are barred in whole or in part to the extent they are based on Abbott's claimed trade dress because Abbott's claimed trade dress is generic and thus unprotectable and unenforceable.

4. Abbott's claims are barred in whole or in part to the extent they are based on Abbott's claimed Pedialyte trademark because that mark has become a generic term for OES and is thus unprotectable and unenforceable.

5. Abbott's claims for federal trademark and trade dress dilution by tarnishment are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes parody and is not actionable. *See* 15 U.S.C. § 1125(c)(3)(A)(i).

6. Abbott's claims for federal trademark and trade dress dilution by tarnishment are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims because some or all of Revitalyte's conduct constitutes "advertising or promotion that permits consumers to compare goods or services" and is not actionable. See 15 U.S.C. § 1125(c)(3)(A)(ii).

7. Abbott's claims are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes classic fair use and is not actionable. *See, e.g.,* 15 U.S.C. § 1115(b)(4); 15 U.S.C. § 1125(c)(3)(A).

8.    Abbott's claims are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes nominative fair use and is not actionable.

9.    Abbott's claim for violation of the Minnesota Deceptive Trade Practices Act is barred in whole or in part to the extent it is based on Revitalyte's use of its federally registered REVITALYTE trademark allegedly causing the dilution of Abbott's Pedialyte mark or allegedly damaging or likely damaging the distinctiveness or reputation of Abbott's Pedialyte mark and claimed trade dress. *See* 15 U.S.C. § 1125(c)(6).

10.    Abbott's claims are barred in whole or in part based on laches. Abbott knew or should have known about some or all of the conduct giving rise to its claims long before it filed its Complaint, and Revitalyte has been unduly prejudiced because of Abbott's unreasonable delay.

11.    Abbott's claims for federal trademark and trade dress dilution by tarnishment are barred in whole or in part based on the four-year "catch all" statute of limitations applicable to the Federal Trademark Dilution Act passed in 1996 and the Trademark Dilution Revision Act passed in 2006. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) ("We conclude that a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by [28 U.S.C.] § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment.").

12.    Abbott's claims are barred in whole or in part based on estoppel, including by, on information and belief, promoting its Pedialyte OES as a solution for mitigating symptoms caused by the consumption of alcohol beverages.

13.    If Abbott is allowed to recover any relief from Revitalyte as a result of the allegations in its Complaint, Abbott is not entitled to recover the amount of damages or other relief alleged, or any damages or other relief, due to its failure to take reasonable efforts to mitigate or minimize the alleged damages it incurred.

14.    Revitalyte respectfully reserves the right to supplement its Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its Answer accordingly.

## DEMAND FOR JURY TRIAL

Revitalyte hereby requests that this matter be submitted for a trial by jury.

## RESPONSE TO ABBOTT'S PRAYER FOR RELIEF

Revitalyte requests that the Court deny Abbott's Prayer for Relief in its entirety. Abbott is not entitled to any relief and should take nothing. Should Revitalyte prevail on any of Abbott's claims in this action, it will seek costs and attorney's fees under 15 U.S.C. § 1117(a) and Minn. Stat. § 325D.45.

Dated:  August 11, 2023                REVITALYTE LLC

                              By:    s/Stephanie M. Laws
                                     Stephanie M. Laws (MN Bar  0396174)
                                     Maslon LLP
                                     3300 Wells Fargo Center
                                     90 South Seventh Street
                                     Minneapolis, MN 55402
                                     (612) 672-8303
                                     stephanie.laws@maslon.com

                                     Mary D. Hallerman (*pro hac vice*
                                     pending)
                                     Snell & Wilmer L.L.P.
                                     2001 K Street NW
                                     Suite 425 North
                                     Washington, D.C. 20006
                                     (202) 908-4262
                                     mhallerman@swlaw.com