## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| ABBOTT LABORATORIES,<br><br>                Plaintiff,<br><br>      v.<br><br>REVITALYTE LLC,<br><br>                Defendant. | Civil Action No. 0:23-cv-01449<br>(WMW/DTS) |

### DEFENDANT REVITALYTE LLC'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF ABBOTT LABORATORIES'
### AMENDED COMPLAINT

Defendant Revitalyte LLC ("Revitalyte") answers Plaintiff Abbott Laboratories' ("Abbott") Amended Complaint (Dkt. No. 22) as follows:

### NATURE OF ACTION

1.     Revitalyte admits the Amended Complaint purports to assert claims for unfair competition, trade dress infringement, trademark infringement, and dilution by tarnishment under federal law and deceptive trade practices under Minnesota law, but denies that it has engaged in unlawful conduct and denies that Abbott is entitled to any relief. Revitalyte denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Amended Complaint.

1

3.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Amended Complaint.

4.    Revitalyte admits that it is a Minnesota company who sells an oral electrolyte solution (OES). Revitalyte denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.    Revitalyte denies the allegations in Paragraph 5 of the Amended Complaint.

6.    Revitalyte denies the allegations in Paragraph 6 of the Amended Complaint.

7.    Revitalyte denies the allegations in Paragraph 7 of the Amended Complaint.

8.    Revitalyte admits that Vitalyte alleged that Revitalyte's use of its REVITALYTE mark infringed Vitalyte's trademark, that Revitalyte moved for summary judgment, that Vitalyte filed a copy of Revitalyte's 2021 Promotional Guide in opposition to Revitalyte's motion for summary judgment, that the court denied that motion, and that Revitalyte and Vitalyte entered into a settlement agreement. Revitalyte denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9.    Revitalyte denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Revitalyte denies the allegations in Paragraph 10 of the Amended Complaint.

11.    Revitalyte denies the allegations in Paragraph 11 of the Amended Complaint.

12.    Revitalyte denies the allegations in Paragraph 12 of the Amended Complaint.

13.    Revitalyte denies the allegations that "it wishes to promote a competitive OES product by encouraging binge drinking among young adults," that "[b]y associating the Pedialyte brand and dress with that marketing strategy, it has tarnished and diluted Abbott's trademark," and that it "diminishes [Abbott's] goodwill by linking the Pedialyte

2

name and dress to its reckless and ill-advised encouragement of excessive drinking." Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Amended Complaint.

14.     Revitalyte denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Revitalyte denies the allegations in Paragraph 15 of the Amended Complaint.

16.     Revitalyte denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Revitalyte denies the allegations in Paragraph 17 of the Amended Complaint.

## PARTIES

18.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Amended Complaint.

19.     Revitalyte admits that it is in the business of selling and promoting an OES under the brand name Revitalyte, that those products are available for sale throughout the District, the State of Minnesota, and the United States, and that its principal place of business is in St. Louis Park, Minnesota. Revitalyte denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20.     Revitalyte admits that this Court has subject matter jurisdiction over Abbott's claims under 15 U.S.C. §§ 1114 and 1125 alleged in the Amended Complaint. Revitalyte denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21.     Revitalyte admits that this Court has subject matter jurisdiction over Abbott's claim under Minnesota Statute § 325D.44 alleged in the Amended Complaint. Revitalyte denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22.    Revitalyte admits that venue is proper in this district for the claims alleged in the Amended Complaint. Revitalyte denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23.    Revitalyte admits that this Court has general personal jurisdiction over Revitalyte because it is organized under the laws of Minnesota and its principal place of business is in Minnesota. Revitalyte denies the remaining allegations in Paragraph 23 of the Amended Complaint.

## FACTS[1]

24.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Amended Complaint.

25.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Amended Complaint.

26.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Amended Complaint.

27.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Amended Complaint.

28.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

---

[1] Revitalyte has omitted the subheadings from this portion of Abbott's Amended Complaint. To the extent the court construes them as allegations requiring a response under Fed. R. Civ. P. 8(b), Revitalyte denies them.

29.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Amended Complaint.

30.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Amended Complaint.

31.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Amended Complaint.

32.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Amended Complaint.

33.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Amended Complaint.

34.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Amended Complaint.

35.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint.

36.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Amended Complaint.

37.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Amended Complaint.

38.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Amended Complaint.

39.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Amended Complaint.

40.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Amended Complaint.

41.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Amended Complaint.

42.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Amended Complaint.

43.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Amended Complaint.

44.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Amended Complaint.

45.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Amended Complaint.

46.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Amended Complaint.

47.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Amended Complaint.

48.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Amended Complaint.

49.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Amended Complaint.

50.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Amended Complaint.

51.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Amended Complaint.

52.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Amended Complaint.

53.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Amended Complaint.

54.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Amended Complaint.

55.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Amended Complaint.

56.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Amended Complaint.

57.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint.

58.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Amended Complaint.

59.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Amended Complaint.

60.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Amended Complaint.

61.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Amended Complaint.

62.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Amended Complaint.

63.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Amended Complaint.

64.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Amended Complaint.

65.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint.

66.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Amended Complaint.

67.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Amended Complaint.

68.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Amended Complaint.

69.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Amended Complaint.

70.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Amended Complaint.

71.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Amended Complaint.

72.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Amended Complaint.

73.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Amended Complaint.

74.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Amended Complaint.

75.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Amended Complaint.

76.     Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Amended Complaint.

77.     Revitalyte denies the allegations in Paragraph 77 of the Amended Complaint.

78.     Revitalyte admits that it has one brand (REVITALYTE) and that it uses that brand in connection with the sale and advertising of its OES. Revitalyte denies the remaining allegations in Paragraph 78 of the Amended Complaint.

79.     Revitalyte denies the allegations in Paragraph 79 of the Amended Complaint.

80.     Revitalyte denies the allegations in Paragraph 80 of the Amended Complaint.

81.     Revitalyte denies the allegations in Paragraph 81 of the Amended Complaint.

82.     Revitalyte denies the allegations in Paragraph 82 of the Amended Complaint.

83.     Revitalyte admits that the author of the Forbes article referenced in Paragraph 83 of the Amended Complaint wrote that Revitalyte "developed Revitalyte with the intent of emulating the look, feel, and formulation of Pedialyte." Revitalyte denies the remaining allegations in Paragraph 83 of the Amended Complaint.

84.     Revitalyte denies the allegations in Paragraph 84 of the Amended Complaint.

85.     Revitalyte admits the allegations in Paragraph 85 of the Amended Complaint.

86.    Revitalyte admits that its OES product's original three flavors were Mixed Fruit, Strawberry, and Grape. Revitalyte denies that it copied every element of the characteristic trade dress that consumers associate with Pedialyte. Revitalyte lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 86 of the Amended Complaint.

87.    Revitalyte admits that the document titled "Revitalyte Promotional Guide 2021" states in one bullet point on one slide in the eleven-side document the following text under one subheading with the text "What is Revitalyte?": "Identical formula to Pedialyte, but with a less medicinal taste and texture." Revitalyte denies the remaining allegations in Paragraph 87 of the Amended Complaint.

88.    Revitalyte admits that its OES products have been sold to consumers all over the country from its website and brick-and-mortar stores. Revitalyte denies the remaining allegations in Paragraph 88 of the Amended Complaint.

89.    Revitalyte admits that, in 2021, it partnered with Barstool Sports, a digital media company, that it launched its fourth flavor, Berry Frost, and that the linked press release from Barstool Sports describes it as "an advanced version of Revitalyte's original SKU in new Berry Frost flavor, featuring 33% more electrolytes, 10 few grams of sugar per serving, and beneficial prebiotics to promote fast and effective rehydration." Revitalyte denies the remaining allegations in Paragraph 89 of the Amended Complaint.

90.    Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Amended Complaint.

91.    Revitalyte denies the allegations in Paragraph 91 of the Amended Complaint.

92.     Revitalyte admits that it has sold an OES in 20-oz bottles in Berry Frost, Mixed Fruit, Grape, and Strawberry flavors. Revitalyte denies the remaining allegations in Paragraph 92 of the Amended Complaint.

93.     Revitalyte admits that it has sold an OES in 20-oz bottles in Lemon Lime Chill and Strawberry Breeze flavors, that these flavors use a black label, and that these flavors have 33% more electrolytes than its Mixed Fruit, Grape, and Strawberry flavors. Revitalyte denies the remaining allegations in Paragraph 93 of the Amended Complaint.

94.     Revitalyte denies the allegations in Paragraph 94 of the Amended Complaint.

95.     Revitalyte denies the allegations in Paragraph 95 of the Amended Complaint.

96.     Revitalyte admits the allegations in Paragraph 96 of the Amended Complaint.

97.     Revitalyte denies the allegations in Paragraph 97 of the Amended Complaint.

98.     Revitalyte denies the allegations in Paragraph 98 of the Amended Complaint.

99.     Revitalyte admits that Mr. Leonard stated the quoted language on an episode of the "Folly Coffee" podcast. Revitalyte denies the remaining allegations in Paragraph 99 of the Amended Complaint.

100.    Revitalyte denies the allegations in Paragraph 100 of the Amended Complaint.

101.    Revitalyte denies the allegations in Paragraph 101 of the Amended Complaint.

102.    Revitalyte denies the allegations in Paragraph 102 of the Amended Complaint.

103.    Revitalyte denies the allegations in Paragraph 103 of the Amended Complaint.

104.    Revitalyte denies the allegations in Paragraph 104 of the Amended Complaint.

105.    Revitalyte denies the allegations in Paragraph 105 of the Amended Complaint.

106.    Revitalyte denies the allegations in Paragraph 106 of the Amended Complaint.

107.    Revitalyte admits that the image shown in Paragraph 107 comes from one portion of one slide that appears in an eleven-slide deck titled "Revitalyte 2021 Promotional Guide." Revitalyte denies the remaining allegations in Paragraph 107 of the Amended Complaint.

108.    Revitalyte admits the allegations in Paragraph 108 of the Amended Complaint.

109.    Revitalyte denies the allegations in Paragraph 109 of the Amended Complaint.

110.    Revitalyte denies the allegations in Paragraph 110 of the Amended Complaint.

111.    Revitalyte denies the allegations in Paragraph 111 of the Amended Complaint.

112.    Revitalyte denies the allegations in Paragraph 112 of the Amended Complaint.

113.    Revitalyte denies the allegations in Paragraph 113 of the Amended Complaint.

114.    Revitalyte denies the allegations in Paragraph 114 of the Amended Complaint.

115.    Revitalyte denies the allegations in Paragraph 115 of the Amended Complaint.

116.    Revitalyte denies the allegations in Paragraph 116 of the Amended Complaint.

117.    Revitalyte denies the allegations in Paragraph 117 of the Amended Complaint.

118.    Revitalyte admits that the Indiana Alcohol and Tobacco Commission (IATC) issued an advisory opinion in response to Revitalyte's request "seeking a determination that Revitalyte be treated as a permissible commodity under Ind. Code § 7.1-3-10-5 for sale at package liquor stores as a bar supply used in the preparation for consumption of alcoholic beverages." IATC, Advisory Opinion 22-01: Revitalyte, at 2, *available at* https://www.in.gov/atc/files/Advisory-Opinion_22-01.pdf. In that Advisory Opinion, the IATC stated that Revitalyte's OES "is specifically marketed as an 'adult' version of the rehydration product Pedialyte, commonly stocked in a store's infant aisle." *Id.* at 3. Revitalyte denies the remaining allegations in Paragraph 118 of the Amended Complaint.

119.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 119 of the Amended Complaint that "[s]hortly after Revitalyte partnered with Barstool to expand its marketing, Abbott learned that the

company had secured distribution of its OES at convenience store chains, displacing Pedialyte in at least one chain." Revitalyte denies the remaining allegations in Paragraph 119 of the Amended Complaint.

120.    Revitalyte admits that the *Vitalyte* litigation included unproven claims that Revitalyte allegedly infringed Vitalyte's alleged trademark, that Revitalyte moved for summary judgment on those claims, that the court heard argument on January 18, 2023, and that the Leonard declaration, the August 2021 "Revitalyte Update" and the 2021 "Promotional Guide," were filed on the docket in that case. Revitalyte denies the remaining allegations in Paragraph 120 of the Amended Complaint.

121.    Revitalyte denies the allegations in Paragraph 121 of the Amended Complaint.

122.    Revitalyte denies the allegations in Paragraph 122 of the Amended Complaint.

123.    Revitalyte denies the allegations in Paragraph 123 of the Amended Complaint.

124.    Revitalyte admits that its Twitter account retweeted tweets from Twitter accounts with the display names "Lamar Jackson Official Fan Page," "banana," "Ellie Black," "Alex Bean," and "me" shown in Paragraph 123 of the Amended Complaint and referred to in Paragraph 124 of the Amended Complaint. Revitalyte denies the remaining allegations in Paragraph 124 of the Amended Complaint.

125.    Revitalyte admits that its Twitter account retweeted the tweet from the Twitter account with the display name "Mike Killmon" shown in Paragraph 125 of the

Amended Complaint. Revitalyte denies the remaining allegations in Paragraph 125 of the Amended Complaint.

126.    Revitalyte denies the allegations in Paragraph 126 of the Amended Complaint.

127.    Revitalyte denies the allegations in Paragraph 127 of the Amended Complaint.

128.    Revitalyte admits that the cap wrap of its OES one-liter product has displayed the words "Compare to Pedialyte." Revitalyte denies the remaining allegations in Paragraph 128 of the Amended Complaint.

129.    Revitalyte admits that "compare to" language similar to the language it has used has appeared on other products and that its product is not a "private label" or "store brand" product. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 129 of the Amended Complaint.

130.    Revitalyte lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 130 of the Amended Complaint.

131.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 of the Amended Complaint.

132.    Revitalyte denies the allegations in Paragraph 132 of the Amended Complaint.

133.    Revitalyte denies the allegations in Paragraph 133 of the Amended Complaint.

134.    Revitalyte admits the allegations in Paragraph 134 of the Amended Complaint.

135.    Revitalyte denies the allegations in Paragraph 135 of the Amended Complaint.

136.    Revitalyte denies the allegations in Paragraph 136 of the Amended Complaint.

137.    Revitalyte denies the allegations in Paragraph 137 of the Amended Complaint.

138.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138 of the Amended Complaint.

139.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 of the Amended Complaint.

140.    Revitalyte denies the allegations in Paragraph 140 of the Amended Complaint.

141.    Revitalyte denies the allegations in Paragraph 141 of the Amended Complaint.

142.    Revitalyte admits that an Instagram account with the name "william_healy" once posted a comment stating "I mean bruh it's literally the same bottle" in response to a post on Revitalyte's Instagram account and that an Instagram account with the name "notmikedurkin" once posted a comment stating "Is that pedialyte?" in response to a post on Revitalyte's Instagram account. Revitalyte denies the remaining allegations in Paragraph 142 of the Amended Complaint.

143.    Revitalyte denies the allegations in Paragraph 143 of the Amended Complaint.

144.    Revitalyte admits that its Revitalyte brand is an entirely different and unrelated brand to Abbott's claimed Pedialyte brand. Revitalyte denies the remaining allegations in Paragraph 144 of the Amended Complaint.

145.    Revitalyte admits that its Instagram account once replied with "just raising the Stakes…" to a comment from user "stakepoint." Revitalyte denies the remaining allegations in Paragraph 145 of the Amended Complaint.

146.    Revitalyte admits that its Instagram account once replied with "did you make a deal to white label Count Chocula's facial hair?" to a comment from user "brendanchatt." Revitalyte denies the remaining allegations in Paragraph 146 of the Amended Complaint.

147.    Revitalyte denies the allegations in Paragraph 147 of the Amended Complaint.

148.    Revitalyte denies the allegations in Paragraph 148 of the Amended Complaint.

149.    Revitalyte denies the allegations in Paragraph 149 of the Amended Complaint.

150.    Revitalyte denies the allegations in Paragraph 150 of the Amended Complaint.

151.    Revitalyte denies the allegations in Paragraph 151 of the Amended Complaint.

152.    Revitalyte denies the allegations in Paragraph 152 of the Amended Complaint.

153.    Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153 of the Amended Complaint.

154.    Revitalyte admits it promotes its OES for relief of hangover symptoms. Revitalyte denies the remaining allegations in Paragraph 154 of the Amended Complaint.

155.    Revitalyte admits that the post shown in Paragraph 155 of the Amended Complaint appeared on its Instagram account. Revitalyte denies the remaining allegations in Paragraph 155 of the Amended Complaint.

156.    Revitalyte admits that the post shown in Paragraph 156 of the Amended Complaint appeared on its Instagram account. Revitalyte denies the remaining allegations in Paragraph 156 of the Amended Complaint.

157.    Revitalyte denies the allegations in Paragraph 157 of the Amended Complaint.

158.    Revitalyte admits that its 2021 Promotional Guide identifies "College Partiers" among its target demographics. Revitalyte denies the remaining allegations in Paragraph 158 of the Amended Complaint.

159.    Revitalyte admits that "Rehydrate. Recover. Repeat" appear on its Twitter account. Revitalyte denies the remaining allegations in Paragraph 159 of the Amended Complaint.

160.    Revitalyte denies the allegations in Paragraph 160 of the Amended Complaint. The State of Indiana Alcohol and Tobacco Commission (IATC) issued an

advisory opinion in response to Revitalyte's request "seeking a determination that Revitalyte be treated as a permissible commodity under Ind. Code § 7.1-3-10-5 for sale at package liquor stores as a bar supply used in the preparation for consumption of alcoholic beverages." Advisory Opinion 22-01: Revitalyte, at 2, *available at* https://www.in.gov/atc/files/Advisory-Opinion_22-01.pdf. The IATC opined that "Revitalyte does not fall under Ind. § 7.1-3-10-5(4), or any other category of that statute and therefore may not be sold at package liquor stores in Indiana." *Id.*

161.    Revitalyte admits that, in the article cited in footnote 31 of the Amended Complaint, Forbes described Barstool as being "known for its sophomoric brand of humor and fetishization of drinking culture" and Revitalyte's co-founder, Mr. Ryan Leonard, is quoted as saying that Revitalyte's relationship with Barstool allows Revitalyte to "communicate directly to young professionals." Revitalyte denies that its 2021 partnership with Barstool is another example of its focus on marketing its products in connection with excessive drinking. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 161 of the Amended Complaint.

162.    Revitalyte admits that it retweeted Barstool's April 27, 2021 tweet shown in Paragraph 162 of the Amended Complaint, which shows an image of a bottle of Revitalyte's OES. Revitalyte denies that its mantra is "Beers. Rehydrate. Repeat" and denies that the text in the April 27, 2021 tweet implies that the consumption of Revitalyte's OES recharges the drinker to repeat a night of excessive drinking. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 162 of the Amended Complaint.

163.    Revitalyte admits that its OES product appears in the July 7, 2022 tweet by Barstool shown in Paragraph 163 of the Amended Complaint. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 163 of the Amended Complaint.

164.    Revitalyte admits that the two posts shown in Paragraph 164 of the Amended Complaint have appeared on its Instagram account. Revitalyte denies the remaining allegations in Paragraph 164 of the Amended Complaint.

165.    Revitalyte admits that Abbott is not a regulator. Revitalyte denies that its marketing tactics are irresponsible and in poor taste and denies that it has promoted a competitive OES product by encouraging 19-year-olds to consume 15 drinks in a single evening. Revitalyte lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 165 of the Amended Complaint.

166.    Revitalyte denies the allegations in Paragraph 166 of the Amended Complaint.

167.    Revitalyte denies the allegations in Paragraph 167 of the Amended Complaint.

168.    Revitalyte denies the allegations in Paragraph 168 of the Amended Complaint.

169.    Revitalyte denies the allegations in Paragraph 169 of the Amended Complaint.

<u>**COUNT I**</u>
**FEDERAL TRADE DRESS INFRINGEMENT (LANHAM ACT)**

170.   In response to Paragraph 170 of the Amended Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Amended Complaint as if fully set forth herein.

171.   Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Amended Complaint.

172.   Revitalyte lacks knowledge or information sufficient to forma a belief as to the truth of the allegations in Paragraph 172 of the Amended Complaint.

173.   Revitalyte denies the allegations in Paragraph 173 of the Amended Complaint.

174.   Revitalyte denies the allegations in Paragraph 174 of the Amended Complaint.

175.   Revitalyte denies the allegations in Paragraph 175 of the Amended Complaint.

176.   Revitalyte denies the allegations in Paragraph 176 of the Amended Complaint.

177.   Revitalyte denies the allegations in Paragraph 177 of the Amended Complaint.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT)

178.   In response to Paragraph 178 of the Amended Complaint, Revitalyte incorporates its responses to the prior paragraphs of Amended Complaint as if fully set forth herein.

179.   Revitalyte denies the allegations in Paragraph 179 of the Amended Complaint.

180.   Revitalyte denies the allegations in Paragraph 180 of the Amended Complaint.

181.   Revitalyte denies the allegations in Paragraph 181 of the Amended Complaint.

182.   Revitalyte denies the allegations in Paragraph 182 of the Amended Complaint.

## COUNT III
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING (LANHAM ACT)

183.   In response to Paragraph 183 of the Amended Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Amended Complaint as if fully set forth herein.

184.   Revitalyte denies the allegations in Paragraph 184 of the Amended Complaint.

185.   Revitalyte denies the allegations in Paragraph 185 of the Amended Complaint.

186.     Revitalyte denies the allegations in Paragraph 186 of the Amended Complaint.

187.     Revitalyte denies the allegations in Paragraph 187 of the Amended Complaint.

188.     Revitalyte denies the allegations in Paragraph 188 of the Amended Complaint.

189.     Revitalyte denies the allegations in Paragraph 189 of the Amended Complaint.

## COUNT IV
## FEDERAL TRADEMARK AND TRADE DRESS DILUTION BY TARNISHMENT (LANHAM ACT)

190.     In response to Paragraph 185 of the Amended Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Amended Complaint as if fully set forth herein.

191.     Revitalyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Amended Complaint.

192.     Revitalyte denies the allegations in Paragraph 192 of the Amended Complaint.

193.     Revitalyte denies the allegations in Paragraph 193 of the Amended Complaint.

194.     Revitalyte denies the allegations in Paragraph 194 of the Amended Complaint.

195.    Revitalyte denies the allegations in Paragraph 195 of the Amended Complaint.

## COUNT V
## VIOLATIONS OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

196.    In response to Paragraph 191 of the Amended Complaint, Revitalyte incorporates its responses to the prior paragraphs of the Amended Complaint as if set forth fully herein.

197.    Revitalyte admits it has engaged in the transaction of business in Minnesota and is subject to the Court's jurisdiction, but denies the remaining allegations in Paragraph 197 of the Amended Complaint.

198.    Revitalyte denies the allegations in Paragraph 198 of the Amended Complaint.

199.    Revitalyte denies the allegations in Paragraph 199 of the Amended Complaint.

200.    Revitalyte denies the allegations in Paragraph 200 of the Amended Complaint.

201.    Revitalyte denies the allegations in Paragraph 201 of the Amended Complaint.

202.    Revitalyte denies the allegations in Paragraph 202 of the Amended Complaint.

203.    Revitalyte denies the allegations in Paragraph 203 of the Amended Complaint.

## <u>AFFIRMATIVE AND ADDITIONAL DEFENSES</u>

Revitalyte raises the following affirmative and additional defenses to the claims asserted in the Amended Complaint:

1.      Abbott's claims are barred in whole or in part because it fails to state a claim upon which relief may be granted.

2.      Abbott's claims are barred in whole or in part to the extent they are based on Abbott's claimed trade dress because Abbott's claimed trade dress is functional and thus unprotectable and unenforceable.

3.      Abbott's claims are barred in whole or in part to the extent they are based on Abbott's claimed trade dress because Abbott's claimed trade dress is generic and thus unprotectable and unenforceable.

4.      Abbott's claims are barred in whole or in part to the extent they are based on Abbott's claimed Pedialyte trademark because that mark has become a generic term for OES and is thus unprotectable and unenforceable.

5.      Abbott's claims for federal trademark and trade dress dilution by tarnishment are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes parody and is not actionable. *See* 15 U.S.C. § 1125(c)(3)(A)(i).

6.      Abbott's claims for federal trademark and trade dress dilution by tarnishment are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes "advertising or promotion that permits consumers to compare goods or services" and is not actionable. *See* 15 U.S.C. § 1125(c)(3)(A)(ii).

25

7.     Abbott's claims are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes classic fair use and is not actionable. *See, e.g.,* 15 U.S.C. § 1115(b)(4); 15 U.S.C. § 1125(c)(3)(A).

8.     Abbott's claims are barred in whole or in part because some or all of Revitalyte's conduct giving rise to those claims constitutes nominative fair use and is not actionable.

9.     Abbott's claim for violation of the Minnesota Deceptive Trade Practices Act is barred in whole or in part to the extent it is based on Revitalyte's use of its federally registered REVITALYTE trademark allegedly causing the dilution of Abbott's Pedialyte mark or allegedly damaging or likely damaging the distinctiveness or reputation of Abbott's Pedialyte mark and claimed trade dress. *See* 15 U.S.C. § 1125(c)(6).

10.     Abbott's claims are barred in whole or in part based on laches. Abbott knew or should have known about some or all of the conduct giving rise to its claims long before it filed its Complaint or Amended Complaint, and Revitalyte has been unduly prejudiced because of Abbott's unreasonable delay.

11.     Abbott's claims for federal trademark and trade dress dilution by tarnishment are barred in whole or in part based on the four-year "catch all" statute of limitations applicable to the Federal Trademark Dilution Act passed in 1996 and the Trademark Dilution Revision Act passed in 2006. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) ("We conclude that a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by [28 U.S.C.] § 1658's 4-

year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment.").

12.     Abbott's claims are barred in whole or in part based on estoppel, including by, on information and belief, promoting its Pedialyte OES as a solution for mitigating symptoms caused by the consumption of alcohol beverages.

13.     If Abbott is allowed to recover any relief from Revitalyte as a result of the allegations in its Amended Complaint, Abbott is not entitled to recover the amount of damages or other relief alleged, or any damages or other relief, due to its failure to take reasonable efforts to mitigate or minimize the alleged damages it incurred.

14.     Revitalyte respectfully reserves the right to supplement its Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its Answer accordingly.

## **DEMAND FOR JURY TRIAL**

Revitalyte hereby requests that this matter be submitted for a trial by jury.

## **RESPONSE TO ABBOTT'S PRAYER FOR RELIEF**

Revitalyte requests that the Court deny Abbott's Prayer for Relief in its entirety. Abbott is not entitled to any relief and should take nothing. Should Revitalyte prevail on any of Abbott's claims in this action, it will seek costs and attorney's fees under 15 U.S.C. § 1117(a) and Minn. Stat. § 325D.45.

Dated:  September 15, 2023           REVITALYTE LLC

By:    s/Stephanie M. Laws
       Stephanie M. Laws (MN Bar  0396174)
       Maslon LLP
       3300 Wells Fargo Center
       90 South Seventh Street
       Minneapolis, MN 55402
       (612) 672-8303
       stephanie.laws@maslon.com

       Mary D. Hallerman (*pro hac vice* )
       Snell & Wilmer L.L.P.
       2001 K Street NW
       Suite 425 North
       Washington, D.C. 20006
       (202) 908-4262
       mhallerman@swlaw.com