UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abbott Laboratories, | Civil No. 23-1449 (DWF/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Revitalyte LLC, | |
| Defendant. | |

INTRODUCTION

This matter is before the Court on Defendant Revitalyte LLC's ("Revitalyte") objections (Doc. No. 93) to Magistrate Judge David T. Schultz's order on October 23, 2024 (Doc. No. 91 (articulated in Doc. No. 92 ("Hr'g Tr."))). Plaintiff Abbott Laboratories ("Abbott") filed a response. (Doc. No. 96.) For the reasons set forth below, the Court sustains in part and overrules in part Revitalyte's objections. Accordingly, the Magistrate Judge's order is affirmed in part and respectfully modified in part.

BACKGROUND

Abbott brings state law and federal law claims of trade dress infringement, trademark infringement, unfair competition, false designation of origin, false advertising, and trademark and trade dress dilution by tarnishment against Revitalyte. (Doc. No. 22 ("Am. Compl.") ¶¶ 170-203.) Revitalyte served twenty-three interrogatories and sixty-two requests for production on Abbott. (Doc. No. 73 ("Hallerman Decl.") Ex. A at 7-12; *id.* Ex. C at 48-59.) Abbott objected to each of these requests for a litany of reasons and

refused to respond to six interrogatories and thirty requests for production. (Hallerman Decl. Exs. B, D.) Revitalyte moved to compel Abbott to respond fully to nine interrogatories and twenty requests for production. (Doc. No. 72.) Abbott opposed each. (Doc. No. 85.) Magistrate Judge David T. Schultz granted in part and denied in part Revitalyte's motion. (Doc. No. 91.) Revitalyte now objects to the Magistrate Judge's order as to the interrogatories which were not compelled: Interrogatory Nos. 1, 3, 4, 6, 7, and 20. (Doc. No. 93.)

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

I.     **Interrogatory No. 1**

Interrogatory No. 1 asked Abbott to "[i]dentify each element of the Pedialyte Trade Dress." (Hallerman Decl. Ex. A at 7.) The Magistrate Judge acknowledged Revitalyte's right to know the elements of the trade dress and ordered Abbott to serve an amended response that eliminated terms that left open the possibility of unnamed elements. (Hr'g Tr. 8:12-19, 9:22-25.) Revitalyte contends that the amended response still fails to meet the necessary level of specificity. (Doc. No. 93 at 2-4.)

Revitalyte argues that the trade dress is not sufficiently specific in its claims of "bright colors," "size and alignment," and "appearance." (Doc. No. 93 at 5-6.) The Court need not dive into each of the elements of the alleged trade dress and analyze each individually. The Court has explained that the "total image of a product, the overall impression created, not the individual features" is what matters for a trade dress. *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1040, 1044 (D. Minn. 2003) (citing *Children's Factory, Inc. v. Benee's Toys, Inc.*, 160 F.3d 489, 494 (8th Cir. 1998)). The Court has already determined that Abbott has plausibly pled a claim of trade dress infringement based on the pleadings. (Doc. No. 67 at 1 (denying Revitalyte's motion for judgment on the pleadings).)

The Magistrate Judge's ruling was not clearly erroneous or contrary to law. The denial of Revitalyte's motion to compel a supplemented response to Interrogatory No. 1 is affirmed and Revitalyte's objection is overruled.

3

**II.   Interrogatory Nos. 3 and 4**

Interrogatory No. 3 asked Abbott, for each element claimed as an embodiment of the Pedialyte patent, to "state whether Abbott contends that element affects the cost or quality of the Pedialyte Products." (Hallerman Decl. Ex. A at 8.) For each element that Abbott did not contend impact on the cost or quality, Interrogatory No. 4 asked Abbott to "describe in detail all facts which Abbott relies upon to support that contention." (*Id.*) The Magistrate Judge compelled Abbott to answer how the trade dress as a whole affected the cost or quality but denied Revitalyte's motion to compel as to the impact of each individual element. (Hr'g Tr. 15:20-24.) Revitalyte objects, arguing that because each element contributes to the functionality of the trade dress the impact on cost or quality should likewise be broken down by element. (Doc. No. 93 at 9.)

Both Revitalyte and Abbott correctly identify that the ultimate decision in trade dress functionality is based on the trade dress as a whole. (*Id.*; Doc. No. 96 at 9; *see Pocket Plus, LLC v. Pike Brands, LLC*, 53 F.4th 425, 433 (8th Cir. 2022).) Revitalyte argues that while the decision is based upon the whole, the analysis looks at each element individually, citing an Eighth Circuit case which assessed each element of a trade dress. (Doc. No. 93 at 9 (citing *Pocket Plus*, 53 F.4th at 433-34).) While the court in *Pocket Plus* did analyze certain elements' impact on quality, the court did not hold that you must do so. *See Pocket Plus*, 53 F.4th at 433-35.

The Magistrate Judge's ruling was not clearly erroneous or contrary to law. The denial of Revitalyte's motion to compel a supplemented response to Interrogatory Nos. 3 and 4 is affirmed and Revitalyte's objection is overruled.

**III.    Interrogatory Nos. 6 and 7**

Interrogatory No. 6 asked Abbott to "[i]dentify (i) every person in the United States that has manufactured, advertised, or sold an oral electrolyte solution product that has used 'Compare to Pedialyte' or similar phrase on the label, container, or packaging of the product, (ii) the date that Abbott first became aware of any such manufacturing, advertising, or sale, and (iii) describe in detail all communications that Abbott had with that person or that person's counsel concerning the use of 'Compare to Pedialyte' or any other aspect of that label, container, or packaging, including its shape or design." (Hallerman Decl. Ex. A at 8-9.)  Interrogatory No. 7 asked essentially the same for "every person in the United States that has manufactured, advertised, or sold an oral electrolyte solution product in a bottle or container that is similar in shape and design to the bottle claimed as an element of the Pedialyte Trade Dress."  (*Id.* at 9.)  The Magistrate Judge granted the motion to compel as to subpart (i) of the requests but denied as to subparts (ii) and (iii), reasoning that the latter two subparts would be covered by business records provided pursuant to Rule 33(d).  (Hr'g Tr. 18:16-19:2.)  Revitalyte objects to the ruling insofar as Abbott is not required to provide oral communications.  (Doc. No. 93 at 11-12.)

The Court agrees that oral communications relevant to these interrogatory requests must be provided.  Parties invoking Rule 33(d) have a duty to specifically identify every document on which they rely for their response.  *E.g.*, *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, No. 20-cv-609, 2021 WL 5087362, at *6 (D. Minn. Jan. 5, 2021).  The District of Minnesota has extended that duty to require identification of all oral

communications not identified in documents. *E.g.*, *Marco Techs., LLC v. Midkiff*, No. 19-cv-2323, 2020 WL 12442103, at *15-16 (D. Minn. Oct. 8, 2020). By denying Revitalyte's motion to compel with regard to subparts (ii) and (iii) of Interrogatory Nos. 6 and 7, the Magistrate Judge limited Revitalyte's right to discoverable information.

When faced with a similar issue in *Ecolab, Inc. v. IBA, Inc.*, the Court ordered IBA, Inc. ("IBA") to provide information on oral communications. No. 22-cv-479, 2024 WL 2382548, at *7 (D. Minn. March 12, 2024). There, Ecolab, Inc.'s ("Ecolab") Interrogatory No. 6 asked IBA to "[d]scribe each communication" relevant to the dispute and "identify[] the date of each such communication and the party to or from whom each such communication was made or received." Declaration of Paige Stradley at 10, *Ecolab*, 2024 WL 2382548 (No. 22-cv-479). In its response, IBA invoked Rule 33(d). *Id.* at 6; IBA's Brief Opposing Ecolab's Motion to Compel at 27-28, *Ecolab*, 2024 WL 2382548 (No. 22-cv-479). Ecolab then moved to compel a supplemental answer, arguing that the answer was insufficient because business records would fail to identify oral communications that would be relevant. Memorandum of Law in Support of Plaintiffs' Motion to Compel at 32, *Ecolab*, 2024 WL 2382548 (No. 22-cv-479). In this scenario, Magistrate Judge Schultz found that argument persuasive and ordered IBA to "provide the requested information concerning oral contracts and communications." *Ecolab*, 2024 WL 2382548, at *7. While there are some factual distinctions between the case at hand and *Ecolab*, the Court fails to see how those distinctions would change the outcome.

The Court respectfully finds the Magistrate Judge's denial of Revitalyte's motion to compel as to Interrogatory Nos. 6 and 7 to be clearly erroneous and contrary to law. Revitalyte's objections to this denial are sustained. Abbott is ordered to supplement the responses to Interrogatory Nos. 6 and 7 with information not otherwise captured by the documents produced to Revitalyte.

## IV.   Interrogatory No. 20

Interrogatory No. 20 asked Abbott to, "[o]n a monthly basis from 2013 until present and for each Pedialyte Product (separately by Universal Product Code) sold, state the number of units Abbott sold, the revenues Abbott received, the gross profits earned, and the net profits earned in U.S. Commerce." (Hallerman Decl. Ex. A at 11-12.) Abbott agreed to "produce nonprivileged documents sufficient to show the retail unit sales of the Pedialyte Product in the United States since 2013." (Hallerman Decl. Ex. B at 39.) The Magistrate Judge denied the motion to compel, reasoning that total unit sales would be sufficient for Revitalyte to defend the claim and that revenue and unit sales breakdowns per product were unnecessary because Abbott is no longer seeking monetary damages. (Hr'g Tr. 25:2-7.)

Revitalyte objects, arguing that per-unit information is necessary because each Pedialyte product has a distinct trade dress. (Doc. No. 93 at 13.) Abbott is not claiming separate trade dresses for each product. (*Id.*) In fact, Abbott's trade dress claims are for the entirety of the Pedialyte brand, not each product line. (*See* Am. Compl. ¶ 3.) Revitalyte also cites an Eighth Circuit case for the proposition that commercial success is considered when determining trade dress functionality. (Doc. No. 93 at 13 (citing

7

*Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863 (8th Cir. 1994)).) The Court fails to see how that necessitates Revitalyte's access to per-product sales and revenue. Revitalyte is getting information on Abbott's commercial success through its access to total unit sales. The Court agrees with the Magistrate Judge that total unit sales are sufficient for Revitalyte's purposes.

The Magistrate Judge's ruling was not clearly erroneous or contrary to law. The denial of Revitalyte's motion to compel a supplemented response to Interrogatory No. 20 is affirmed and Revitalyte's objection is overruled.

## CONCLUSION

For the reasons outlined above, the Court sustains in part and overrules in part Revitalyte's objections. Revitalyte's objections as to Interrogatory Nos. 6 and 7 are sustained. Revitalyte's objections as to Interrogatory Nos. 1, 3, 4, and 20 are overruled. Accordingly, the Magistrate Judge's order is affirmed in part and respectfully modified in part.

## ORDER

Based upon the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant Revitalyte LLC's objections (Doc. No. [93]) to Magistrate Judge David T. Schultz's order dated October 23, 2024, are **SUSTAINED IN PART** and **OVERRULED IN PART**.

      a.      Defendant Revitalyte LLC's objections to Magistrate Judge David T. Schultz's order dated October 23, 2024, regarding Interrogatory Nos. 6 and 7 are **SUSTAINED**.

      b.      Defendant Revitalyte LLC's objections to Magistrate Judge David T. Schultz's order dated October 23, 2024, regarding Interrogatory Nos. 1, 3, 4, and 20 are **OVERRULED**.

2.      Magistrate Judge David T. Schultz's order dated October 23, 2024, (Doc. No. [91]) is **AFFIRMED IN PART** and **MODIFIED IN PART**.

      a.      Magistrate Judge David T. Schultz's order dated October 23, 2024, is **AFFIRMED** as to Interrogatory Nos. 1, 3, 4, and 20.

      b.      Magistrate Judge David T. Schultz's order dated October 23, 2024, is respectfully **MODIFIED** as to Interrogatory Nos. 6 and 7.

Dated:  December 4, 2024                  s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge