UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abbott Laboratories,      Civil No. 23-1449 (DWF/DTS)

    Plaintiff,

v.      MEMORANDUM
OPINION AND ORDER

Revitalyte LLC,

    Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Revitalyte LLC's ("Revitalyte") request for permission to file a motion for reconsideration (Doc. No. 99) of the Court's December 4, 2024 order (Doc. No. 98) insofar as the Court overruled Revitalyte's objections. Plaintiff Abbott Laboratories ("Abbott") opposes the request. (Doc. No. 100.) For the reasons set forth below, the Court denies the request for permission to file a motion for reconsideration.

## BACKGROUND

Among other things, Abbott claims that Revitalyte infringed on the Pedialyte trade dress. (Doc. No. 22 ¶¶ 170-77, 196-203.) Revitalyte moved to compel Abbott to respond to certain interrogatories related to that alleged infringement (Doc. No. 72) and Magistrate Judge David T. Schultz granted in part and denied in part Revitalyte's motion (Doc. No. 91). Revitalyte objected to the Magistrate Judge's order as to the interrogatories which were not compelled: Interrogatory Nos. 1, 3, 4, 6, 7, and 20. (Doc.

No. 93.) The Court overruled Revitalyte's objections as to Interrogatory Nos. 1, 3, 4, and 20. (Doc. No. 98.) Revitalyte now requests permission to file a motion to reconsider that order. (Doc. No. 99.)

## DISCUSSION

Pursuant to Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider.[1] D. Minn. R. 7.1(j). Motions to reconsider "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Such motions "cannot be employed to repeat arguments previously made" or to make "arguments that could have been made" previously. *Kelley ex rel. BMO Litig. Tr. v. BMO Harris Bank N.A.*, No. 19-cv-1826, 2020 WL 1701696, at *1 (D. Minn. Apr. 8, 2020).

Revitalyte first argues that the Court erred in overruling its objections to the Magistrate Judge's ruling as to Interrogatory Nos. 3 and 4 because the information is relevant to the analysis of the trade dress's functionality. (Doc. No. 99 at 1.) Revitalyte already made its arguments on the relevance of each element individually and the Court decided that looking at the whole of the trade dress was not clearly erroneous or contrary

---

[1] Local Rule 7.1(j) also limits a request to file a motion to reconsider to a maximum of two pages. D. Minn. R. 7.1(j). Revitalyte's request exceeds this limit. (See Doc. No. 99.) While the Court could have denied this request on procedural grounds, the Court will nonetheless explain the substantive deficiencies in the request.

to law. (Doc. No. 93 at 9-10; Doc. No. 98 at 4.) Revitalyte is precluded from repeating this argument in a motion for reconsideration. *See Kelley*, 2020 WL 1701696, at *1.

Revitalyte also argues that the order as to Interrogatory Nos. 3 and 4 conflicts with the Court's denial of the motion for judgment on the pleadings because the requested information is relevant to issues of functionality that the Court stated would "be decided at a later stage in th[e] proceeding[s]." (Doc. No. 99 at 2 (quoting Doc. No. 67 at 10).) However, the Court's overruling of Revitalyte's objections does not preclude decisions about functionality. As explained, to determine what is protectable trade dress, the Court looks at the total image of a product, not the individual features. (Doc. No. 98 at 3.) The Court is able to analyze the trade dress based on the information available to Revitalyte.

With regard to Interrogatory No. 1, Revitalyte points out that the single claimed trade dress covers three product lines with different features, implying that the trade dress is unprotectable because there is no singular appearance. (Doc. No. 99 at 2-3.) This argument could have been but was not made in Revitalyte's objections to the Magistrate Judge's decision. (Doc. No. 93 at 2-7.) Instead, Revitalyte's objections focused on the lack of specificity in Abbott's response to Interrogatory No. 1. (*See id.*) Revitalyte is therefore precluded from arguing that the lack of completely consistent features requires an amended response now. *See Kelley*, 2020 WL 1701696, at *1.

Revitalyte makes a similar argument about product distinctions within the single trade dress to support the reconsideration regarding Interrogatory No. 20. (Doc. No. 99 at 3.) Revitalyte reasons that per-unit sales data is necessary to decide if the trade dress has acquired distinctiveness. (*Id.*) This argument was previously made by Revitalyte in

3

its objections to the Magistrate Judge's decision and the Court found that the decision was not clearly erroneous or contrary to law. (Doc. No. 93 at 13; Doc. No. 98 at 7-8.) Revitalyte is therefore precluded from arguing it now as this is a "repeat argument[]." *Kelley*, 2020 WL 1701696, at *1.

## CONCLUSION

Having fully considered the parties' submissions, the Court concludes that Defendant has failed to demonstrate the compelling circumstances necessary to justify a motion to reconsider the Court's December 4, 2024 order. The Court respectfully denies Revitalyte's request for permission to file a motion to reconsider.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant's request for permission to file a motion for reconsideration (Doc. No. [99]) is respectfully **DENIED**.

Dated: December 18, 2024    s/Donovan W. Frank
　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　United States District Judge